United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASCEND PERFORMANCE MATERIALS OPERATIONS LLC, | § § § | CIVIL ACTION NUMBER 4:24-cv-00582 |
| Plaintiff, | § § § | |
| versus | § § § § § | JUDGE CHARLES ESKRIDGE |
| RESCAR COMPANIES, Defendant. | § § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Ascend Performance Materials Operations LLC, brings claims for breach of contract and negligence. Dkt 1 (complaint). Defendant Rescar Companies filed a motion for summary judgment as to both claims. Dkt 84.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 8. She issued a Memorandum and Recommendation recommending that the motion be denied because disputed facts preclude summary judgment. Dkt 158.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Defendant filed objections. Dkt 159. It claims that the Magistrate Judge erred by rejecting arguments that the "intentional misconduct" of Plaintiff's employee should constitute a superseding cause as a matter of law, thereby cutting off any negligence liability. Id at 2–3. Defendant further objects to the rejection by the Magistrate Judge of its foreseeability argument as to the scope of its legal duty and the availability of breach of contract damages, as well as its mitigation of damages defense.

Upon *de novo* review and determination, Defendant's objections lack merit. The first objection, concerning superseding cause, rests upon assertion that Ascend's employee, Travis Duncan, engaged in "*intentional* falsification of records and dishonesty." Dkt 159 at 2 (emphasis added). Plaintiff disputes that characterization and instead asserts that conduct was merely an error. See Dkt 161 at 2–3. Whether the conduct was intentional or erroneous—and, in turn, whether it was foreseeable—presents a question of fact for the jury to decide.

The Magistrate Judge also properly concluded that Defendant owed a legal duty of reasonable care to Plaintiff as a result of the "longstanding operational relationship" between them. Dkt 158 at 7. Whether breach of that duty proximately caused Plaintiff's losses cannot be resolved on summary judgment, as numerous fact issues remain in dispute. Id at 8–11. The same is true for the mitigation of damages defense, as the parties dispute when Plaintiff knew or should have known that the subject tank was contaminated. Id at 14.

Given the outstanding factual disputes, this case cannot be resolved on summary judgment.

The objections by Defendant to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 159.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 158.

The motion by Defendant for summary judgment is DENIED. Dkt 84.

SO ORDERED.

Signed on __May 04, 2026__, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge